IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Owen Harty, | ) | |
| | ) | Civil Action No. 3:11-1138-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Burlington Coat Factory of South Carolina, LLC, a South Carolina Limited Liability Company, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On May 10, 2011, Plaintiff Owen Harty filed an action in this Court pursuant to the Americans with Disabilities Act ("ADA"). Plaintiff alleges that Defendant Burlington Coat Factory of South Carolina, LLC, discriminated and continues to discriminate against him by denying him the full and equal enjoyment of its facility. More specifically, Plaintiff alleges that Defendant's store in Columbia, South Carolina ("the Property"), contains architectural barriers that discriminate against him on the basis of his disability and that endanger his safety. Plaintiff seeks declaratory and injunctive relief, as well as an award of costs and attorney fees pursuant to 42 U.S.C. § 12205. On June 29, 2011, Defendant filed a motion to dismiss Plaintiff's complaint based on lack of standing. *See* Fed. R. Civ. P. 12(b)(1). Plaintiff filed an opposition in response on July 11, 2011.

## **FACTS**

The facts, as alleged by Plaintiff in his complaint, are as follows. Plaintiff is paralyzed from the waist down and unable to walk or stand, and therefore requires the use of a wheelchair for mobility. Plaintiff is in business as a gun instructor and as a vendor of various gun

1

accessories. Although Plaintiff is a Florida resident, he regularly attends gun shows in Georgia, South Carolina, and North Carolina in order to obtain gun accessories more cheaply. Plaintiff states that he "visits South Carolina often on business and plans to continue to visit South Carolina in the future." ECF No. 1 at 3.

Plaintiff visited the Property at a time that is not specified. Plaintiff states that "[a] preliminary inspection of [the Property] has shown that throughout [the] store, numerous ADA violations and barriers to access exist." ECF No. 1 at 6. Plaintiff alleges that restrooms at the Property and various features within them do not comply with ADA standards. Plaintiff further alleges that "[t]here are elements and spaces that are not maintained in operable working condition and readily accessible or usable for persons with disabilities." *Id.* Plaintiff states that the alleged violations do not constitute an exhaustive list, and that an inspection of the Property is needed to determine all areas of non-compliance with the ADA.

Plaintiff "plans to return to [the Property] to avail himself of the goods and services offered to the public at [the Property] in a manner equal to that offered to individuals who are not disabled, once the Defendant has eliminated the violations." ECF No. 1 at 3. Plaintiff "desires to visit [the Property], not only to avail himself of the goods and services available at the property but to assure himself that [it] is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of [the Property] without fear of discrimination." *Id.* at 5. Plaintiff states that he "is aware that it will be a futile gesture to re-visit [the Property] until it becomes compliant with the ADA." *Id.*

Attached to Plaintiff's response in opposition to Defendant's motion to dismiss is an affidavit dated July 10, 2011, that provides further details concerning Plaintiff's claim. ECF No. 7-2. In his affidavit, Plaintiff states that he previously visited the Property in July 2010. Plaintiff

further states that he plans to attend a gun show in Columbia on December 10 and December 11, 2011, and would like to return to shop at the Property at this time. Plaintiff also describes in greater detail the alleged ADA violations observed at the Property.

## STANDARD OF REVIEW

A plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction" as well as "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). A complaint is not sufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted).

## DISCUSSION

Article III of the Constitution restricts the subject matter jurisdiction of the federal courts to "cases" and "controversies." The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The Constitution requires that a plaintiff invoking federal jurisdiction have suffered an "injury in fact," that is, "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical." *Id.* (quotations and citations omitted). The plaintiff's injury must also be fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision. *Id.* at 560-61. "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id.* at 561. Because standing is "an indispensable part of the plaintiff's case, each element must

be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Id.*

Furthermore, a plaintiff seeking injunctive relief may not rely on prior harm. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Standing to seek injunctive relief does not exist absent a "showing of any real or immediate threat that the plaintiff will be wronged again," or, in other words, "a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983). A "speculative . . . claim of future injury" does not establish standing to seek equitable relief. *Id.*

In *Harty v. Luihn Four, Inc.*, 747 F. Supp. 2d 547 (E.D.N.C. 2010), another case in which Plaintiff sought injunctive relief under the ADA, the Honorable Terrence Boyle held that Plaintiff had not properly alleged an "injury in fact" giving rise to injunctive relief and dismissed the complaint. Judge Boyle found that Plaintiff had not demonstrated a substantial likelihood that he would be injured in the future by the defendant. *Id.* at 552. Judge Boyle noted that the property in question, a Kentucky Fried Chicken restaurant in Raleigh, North Carolina, was more than 775 miles from Plaintiff's residence, and that Plaintiff had "not set forth any definite plans to visit [the restaurant] in the future, except to say that he 'desires to visit KFC not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA.'" *Id.* at 550. Although Judge Boyle stated that he "d[id] not question the sincerity of Harty's vague desires to revisit" the restaurant, he held that, given the lack of "definitive plans to return . . . in the future," the "objective facts and allegations

presented in the complaint fail to establish Harty's substantial likelihood of future injury." *Id.* at 552.

Conversely, in *Disabled Patriots of America, Inc. v. Fu*, 2009 WL 1470687 (W.D.N.C. May 26, 2009), another case in which Plaintiff Harty and a nonprofit corporation sought injunctive relief under the ADA, the Honorable Robert Conrad held that the plaintiffs had properly alleged Article III standing. Although the property in question, a Sheraton Four Points Hotel in Charlotte, North Carolina, was hundreds of miles away from Plaintiff's residence, Judge Conrad noted Plaintiff's significant connections with Charlotte as well as his definite plans to return to Charlotte and to the property in question. *Id.* at *3-4. In addition to Plaintiff's claims that he regularly attended gun shows in North Carolina, Plaintiff claimed that he had definite plans to take his wife to Charlotte to celebrate their anniversary and to convince her to move there. *Id.* Furthermore, Plaintiff had reservations to stay once again at the hotel in question. *Id.*

In the present case, Plaintiff's complaint fails to properly allege standing for two reasons. First, the facts as alleged by Plaintiff do not demonstrate a "concrete and particularized" injury as a result of the alleged ADA violation at the Property. Rather, Plaintiff provides a list of features at the Property that allegedly violate the ADA Accessibility Standards (e.g. "[t]here are toilets that do not comply with ADA Standard 4.16") and states in a conclusory manner that he "has encountered architectural barriers at [the Property] which discriminate against him on the basis of his disability and which have endangered his safety." ECF No. 1 at 3 & 6. Plaintiff does not explain which of these alleged barriers he encountered and would likely encounter upon return, or how any of them denied him and will continue to deny him "full and equal" access to the Property. Such a "violation report" cannot substitute for factual allegations of specific harm to Plaintiff.

Furthermore, even if Plaintiff's allegations were sufficient to demonstrate a "concrete and particularized" injury, they cannot demonstrate a "likelihood of substantial and immediate irreparable injury." Plaintiff's general desire to return to the Property at some point in the future, under the circumstances, does not establish that an "actual or imminent" injury is likely. *See Lujan*, 504 U.S. at 564 ("Such 'some day' intentions–without any description of concrete plans, or indeed even any specification of *when* the some day will be–do not support a finding of the 'actual or imminent' injury that our cases require."). Plaintiff's residence in Florida is hundreds of miles away from the Property, and although Plaintiff alleges that he "visits South Carolina often on business and plans to continue to visit South Carolina in the future," he does not state that he frequently visits Columbia or otherwise provide the Court with any plausible reason to infer that he is likely to return to the Property in the near future.

The Court notes that Plaintiff provides additional specificity in his affidavit filed in response to Defendant's motion to dismiss. However, later-submitted evidence cannot correct insufficient pleading in Plaintiff's complaint. Because standing is "an indispensable part of the plaintiff's case," *Lujan*, 504 U.S. at 561, its elements must be supported by sufficient factual allegations in the complaint. Although Defendant's motion to dismiss provides clear notice that the sufficiency of Plaintiff's complaint is being attacked, Plaintiff has not moved to amend his complaint. Because Plaintiff has failed to sufficiently allege the elements of Article III standing, Plaintiff's complaint is dismissed without prejudice. The Court does not decide, and expresses no opinion on, whether a complaint containing the allegations made in Plaintiff's affidavit would sufficiently allege Plaintiff's standing for injunctive relief. The Court likewise expresses no opinion on whether, assuming Plaintiff's claims were adequately pleaded, the evidence offered by Plaintiff would satisfy his burden of proof concerning standing.

## CONCLUSION

Defendant's 12(b)(1) motion to dismiss for lack of standing is granted. Plaintiff's complaint is dismissed without prejudice.

**IT IS ORDERED.**

s/ Margaret B. Seymour
Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
January 30, 2012